1  LAURA BURSON (S.B. #204459)
   lburson@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6334
4  Facsimile: (213) 430-6407

5  *Attorneys for Plaintiff and Counterclaim-Defendant*
   *Legendary Foods, LLC, and Counterclaim-Defendants*
6  *Ronald Penna, Richie Fiene, Chris Van de Polder,*
   *Anthony Valenzuela, and Roberto Montano*
7
   [Additional Counsel on Next Page]
8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  LEGENDARY FOODS, LLC, a              Case No. 2:24-cv-06337-GW-KS
    California limited liability company,
13                                       STIPULATED PROTECTIVE ORDER
                Plaintiff,
14
         v.
15
    SIMPLY GOOD FOODS USA,
16  INC., a Delaware corporation,
    QUEST NUTRITION, LLC, a
17  Delaware limited liability company,
    and DOES 1-20
18
                Defendant.
19  _____

20
    SIMPLY GOOD FOODS USA, INC., a New
21  York corporation,
    QUEST NUTRITION, LLC, a Delaware limited
22  liability company,

23              Counterclaim-Plaintiffs,

24       v.

25  LEGENDARY FOODS, LLC, a California
    limited liability company, AYCE SNACKING
26  COMPANY, LLC, a California limited liability
    company, RICHIE FIENE, an individual,
27  ZACH KAZARIAN, an individual, KYLE
    KAZARIAN, an individual, JAKE JESSA, an
28  individual, CHRIS QUEMENA, an individual,

1

CHRIS VAN DE POLDER, an individual,
ROBERTO MONTANO, an individual,
ANTHONY VALENZUELA, an individual,
RONALD PENNA, an individual, and DOES 1
through 10, inclusive,

Counterclaim-Defendants.

## ADDITIONAL COUNSEL

ERIC J. AMDURSKY (S.B. #180288)
eamdursky@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:     (650) 473-2600
Facsimile:     (650) 473-2601

*Attorneys for Plaintiff and Counterclaim-Defendant*
*Legendary Foods, LLC, and Counterclaim-Defendants*
*Ronald Penna, Richie Fiene, Chris Van de Polder,*
*Anthony Valenzuela, and Roberto Montano*

CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
TAYLOR L. BENNINGER (State Bar No. 344825)
taylor.benninger@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

LAURA D. SMOLOWE (State Bar No. 263012)
laura.smolowe@mto.com
SAMUEL H. ALLEN (State Bar No. 314171)
samuel.allen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Counterclaim-Defendants*
*Ayce Snacking Company, LLC, Zach Kazarian,*
*Kyle Kazarian, Jake Jessa, and Chris Quemena*

1   MICHAEL J. DUVALL (SBN 276994)
    michael.duvall@dentons.com
2   BLAKE L. OSBORN (SBN 271849)
3   blake.osborn@dentons.com
    ERIN N. BASS (SBN 325090)
4   erin.bass@dentons.com
5   KIMBERLY G.A. DENNIS (SBN 325390)
    kimberly.dennis@dentons.com
6   SABRINA E. CHOW (SBN 335273)
7   sabrina.chow@dentons.com
    DENTONS US LLP
8   601 South Figueroa Street,
    Suite 2500 Los Angeles, California 90017-5704
9   Tel: 213.623.9300 / Fax: 213.623.9924

10
    *Attorneys for Defendants and Counterclaim-Plaintiffs*
11  *Simply Good Foods USA, Inc. and*
12  *Quest Nutrition, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets and other valuable research, development, manufacturing, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>:  this pending federal law suit.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel and Designated House Counsel.

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.6    <u>Designated House Counsel</u>:  One attorney who is an employee of a party to this Action.  Designated House Counsel does not include Outside Counsel or any other outside counsel. If the Designated House Counsel leaves the employ of the company or otherwise needs to be de-designated, a party may designate a new Designated House Counsel by informing all parties to the Action in writing of the change which change will be subject to the provisions of paragraph 7.5.

2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm.

2.10    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items" that is of such a highly confidential, proprietary nature that its disclosure or dissemination to a Designated House Counsel of a Receiving Party could cause irreparable harm or impair the legitimate competitive position or interests of the Producing Party that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information includes, but is not limited to: (1) sales, cost, pricing, or other financial information pertaining to the Producing Party; (2) information pertaining to strategic business initiatives or marketing plans pertaining to the Producing Party; (3) technical information such as product formulas, recipes, designs, methods and processes including manufacturing processes, engineering and/or equipment customizations that relates to the Producing Party's technical development and production; or (4) information that constitutes the Producing Party's trade secrets within the definition of trade secret provided by state or federal law.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, and includes support staff.

2.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

2.16    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.17    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" (hereinafter "CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. The Designating Party shall inform the court reporter of these requirements. During that 21 day period until the specific designations are received, the transcript will be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL" depending on the instruction provided at

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

1    the deposition by the Designating Party.  After the expiration of that period, the transcript shall be

2    treated only as actually designated.

3        Parties shall give the other parties notice if they reasonably expect a deposition, hearing

4    or other proceeding to include Protected Material so that the other parties can ensure that only

5    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

6    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

7    shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

9    ONLY."

10       Transcripts containing Protected Material shall have an obvious legend on the title page

11   that the transcript contains Protected Material, and the title page shall be followed by a list of all

12   pages (including line numbers as appropriate) that have been designated as Protected Material and

13   the level of protection being asserted by the Designating Party.

14       (c) for information produced in some form other than documentary and for any other

15   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

16   or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

18   COUNSEL'S EYES ONLY."  If only a portion or portions of the information warrants protection,

19   the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

20   level of protection being asserted.

21       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

22   designate qualified information or items does not, standing alone, waive the Designating Party's

23   right to secure protection under this Order for such material.  Upon timely correction of a

24   designation, the Receiving Party must make reasonable efforts to assure that the material is treated

25   in accordance with the provisions of this Order.

26       5.4    If, upon receiving Discovery Material from a Non-Party, a Party believes in good

27   faith that any such Discovery Material should be treated as "CONFIDENTIAL," "HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

COUNSEL'S EYES ONLY" under this Order, the procedures set forth in Paragraph 5.2 shall apply. Each Party is responsible for making this determination on its own behalf. All Discovery Material produced by a Non-Party shall be treated as containing Protected Material until the expiration of thirty (30) days or an agreed-upon date based on volume or other issues.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  The Parties shall then abide by the procedures and standing orders of the assigned district or magistrate judge for any remaining discovery disputes.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

11

(a)     the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including Designated House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

12

(a)     the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     One Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and subject to the procedures set forth in paragraph 7.5(b) et seq. below;

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any highly confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

the Designating Party, a Receiving Party may disclose any information or item designated
"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel in this Action, as well as employees of
said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is
reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement
to Be Bound" (Exhibit A) and subject to the procedures set forth in paragraph 7.5(b) et seq. below;

(c)      the court and its personnel;

(d)      court reporters and their staff;

(e)      professional jury or trial consultants, mock jurors, and Professional Vendors to
whom disclosure is reasonably necessary for this Action and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      the author or recipient of a document containing the information or a custodian
or other person who otherwise possessed or knew the information;

(g)      during their depositions, witnesses, and attorneys for witnesses, in the Action to
whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness
sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any highly
confidential information unless they sign the "Acknowledgment and Agreement to Be Bound"
(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of
transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be
separately bound by the court reporter and may not be disclosed to anyone except as permitted
under this Stipulated Protective Order; and

(h)      any mediator or settlement officer, and their supporting personnel, mutually
agreed upon by any of the parties engaged in settlement discussions.

7.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Designated House Counsel and/or
Experts.

14

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated House Counsel is involved, or may become involved, in any competitive decision-making.

(b)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to paragraphs 7.2(c),7.3(c), or 7.4(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality obligations, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.
[2] It may be appropriate in certain circumstances to restrict any Designated House Counsel or the Expert from undertaking certain limited work prior to the termination of the litigation that could

(c)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party in conformance with Local Rule 37, et seq.

(d)    If the Parties cannot resolve a challenge without court intervention, the Designating Party shall either: (1) initiate the process for informal, telephonic discovery hearings pursuant to the procedure found on the Court's website, or (2) file before the Magistrate Judge a Joint Stipulation in accordance with Local Rule 37-2 (and Local Rule 79–5, if applicable). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

---

foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED  January 3, 2025


*/s/ Laura Burson*
Attorneys for Plaintiff and Counterclaim-Defendants


DATED  January 3, 2025


*/s/ Blake L. Osborn*
Attorneys for Defendants and Counterclaim-Plaintiffs


DATED  January 3, 2025


*/s/ Carolyn Hoecker Luedtke*
Attorneys for Counterclaim-Defendants

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3    DATED  January 7, 2025

4

5    _Karen L. Stevenson_
     HON. KAREN L. STEVENSON
6    CHIEF U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central District of

California on _____[date] in the case of

*Legendary Foods, LLC et. al., v. Simply Good Foods USA, Inc., et al.*, 2:24-cv-06337-GW-KS. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District

of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.  I hereby appoint _____

_____ [print or type full name] of __

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____


Printed name:_____


Signature:_____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  January 3, 2025          **O'MELVENY & MYERS LLP**

By:    */s/ Laura Burson*
       Laura Burson

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-06337-GW-KS